**UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CRYE PRECISION LLC, | Case No. 1:25-cv-13087 |
| Plaintiff, | |
| | **Judge: Hon. John J. Tharp, Jr.** |
| v. | |
| | **Magistrate Judge: Hon Laura K. McNally** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A, Defendant. | |

**DEFENDANT CISNOCR'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Without waving their jurisdictional defenses under Rule 12(b), Defendant Cisnocr (Def. No. 11) ("Defendant"), respectfully submit their Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. No.42].

### I. INTRODUCTION

Contrary to Plaintiff's claim, a preliminary injunction against Defendant is neither necessary nor appropriate in the present case.

First, Plaintiff cannot establish a reasonable likelihood of success on the merits. Plaintiff's purported camouflage pattern contains, at most, limited protectable expression because the core elements reside in the public domain. Moreover, Plaintiff's copyright registration for CAMOUFLAGE PATTERN (Reg. No. VA 1-942-951) was obtained well beyond the five-year

1

window set forth in 17 U.S.C. § 410(c). As a result, the registration is not entitled to prima facie evidentiary weight, and Plaintiff's claimed ownership and validity are subject to challenge.

Second, even if Plaintiff could satisfy the merits prong, the sweeping asset restraint Plaintiff seeks is improper and disproportionate. Each Defendant derived only part of revenue from sales of the Accused Products, yet Plaintiff seeks to freeze the entirety of Defendants' funds. Well-settled precedent, both in this District and from the Supreme Court, limits prejudgment asset restraints to the amount reasonably necessary to secure a bona fide claim for equitable monetary relief. Here, any equitable accounting would be negligible, if not zero, and Plaintiff has not shown any nexus between the restrained funds and the alleged infringement.

For these reasons, and as set forth more fully below, Defendants respectfully request that the Court deny Plaintiff's Motion for Entry of a Preliminary Injunction.

## II. PROCEDURAL BACKGROUND

On November 18, 2025, this Court entered an *ex parte* temporary restraining order at Plaintiff's request, which restrained Defendants' business revenues, including funds unrelated to the accused products, even though Plaintiff has not established a valid copyright claim. Defendants are e-commerce sellers operating on platforms such as Amazon, eBay, Temu, and Walmart.

On December 2, 2025, Plaintiff filed the instant Motion for Preliminary Injunction, seeking to convert the TRO into a preliminary injunction for the duration of this litigation. Plaintiff alleges that Defendants infringed its copyrighted camouflage pattern registered under U.S. Copyright Registration No. VA 1-942 951 by selling certain products.

On December 16, 2025, the Court entered a minute order regarding Plaintiff's motion for entry of a preliminary injunction. The motion is taken under advisement. Any objection or

response is due by December 23, 2025. The Court also directed Plaintiff, by December 18, 2025, to post the motion on its website with clear notice of the response deadline, and to provide each Defendant with the screenshots that Plaintiff relies on for that Defendant.

### III. LEGAL STANDARDS

A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant by a clear showing carries the burden of persuasion. *Mazurek v. Armstrong* 520 U.S. 968, 972 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997). The party seeking such relief must show (1) it has some likelihood of success on the merits; (2) there is no adequate remedy at law; and (3) it will suffer irreparable harm if the court denies relief. *JH v. Partnerships & Unincorporated Ass'ns Identified on Schedule A,* No. 24 C 7758, 2025 U.S. Dist. LEXIS 83662, at *12 (N.D. Ill. Apr. 29, 2025)*, citing GEFT Outdoors, LLC v. City of Westfield,* 922 F.3d 357, 364 (7th Cir. 2019). The two most important considerations are likelihood of success on the merits and irreparable harm. *Bevis v. City of Naperville,* 85 F.4th 1175, 1188 (7th Cir. 2023).

### IV. ARGUMENT

#### A. Plaintiff Cannot Establish a Likelihood of Success on the Merits

To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) unauthorized copying of original constituent elements of the work. Copying may be shown circumstantially through evidence of access and probative similarity. However, liability ultimately turns on whether the accused work is substantially similar to the protectable expression in the copyrighted work, after excluding unprotectable ideas, scenes a faire, and public domain elements. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991); *Dam Things from Den. v. Russ Berrie & Co.,* 290 F.3d 548, 562–63 (3d Cir. 2002).

Here, Plaintiff fails to establish a reasonable likelihood of success on the merits for multiple independent reasons. FirstPlaintiff's asserted camouflage pattern lacks originality because it replicates core elements of camouflage designs that have long existed in the public domain. Camouflage is a common design concept composed largely of standard shapes, colors, and arrangements that are widely used and unprotected. As shown in Exhibits A and B, military camouflage patterns have been widely used for decades and consist primarily of common, unprotectable elements. For example, a Canadian military camouflage pattern (see Figure 1) used in or around 2002 is substantially similar to the pattern (see Figure 2) Plaintiff claims as its own. Accordingly, Plaintiff's pattern at most makes minor variations on preexisting public domain designs, which does not qualify for copyright protection.



Developed in the late '90s, Canada's CADPAT was the first pixelated camouflage to be issued by a military in 2002. Image via Lookout Newspaper

*Figure 1 Canadian military camouflage pattern of Exhibit 2*



*Figure 2 Plaintiff's Copyright No. VA l-902-832*

Because the range of protectable expression in any camouflage pattern is inherently limited, Plaintiff's copyright, if valid at all, is at most a thin copyright. Where a work contains only a narrow range of protectable expression, infringement requires copying that is essentially identical as to the protectable elements, not merely a shared idea or generalized resemblance. See *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 214–15 (3d Cir. 2002). Defendants are merely selling camouflage hats that use generic camouflage patterns consistent with public domain designs, and Plaintiff's alleged originality, if any, is extremely limited. Plaintiff therefore cannot demonstrate substantial similarity as to protectable expression.

In addition, Plaintiff also fails to establish a reasonable likelihood of success because it has not shown ownership of a valid copyright entitled to evidentiary weight at this stage. To prevail on a claim for infringement under 17 U.S.C. § 106(1), Plaintiff must prove ownership of a valid copyright. A copyright registration made before or within five years after first publication of the work constitutes prima facie evidence of validity. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court. 17 U.S.C. § 410(c). Here, Plaintiff alleges that CAMOUFLAGE PATTERN was first published on December 31, 2005, but did not apply for copyright registration No. VA 1-942-951 until February 18, 2015, well beyond the five-year window set forth in Section 410(c). The registration is therefore not

entitled to the presumption of validity, and Plaintiff cannot rely on the registration alone to meet its burden.

For all of these reasons, Plaintiff cannot establish a likelihood of success on the merits.

**B. Plaintiff Cannot Demonstrate Irreparable Harm or the Absence of an Adequate Remedy at Law**

Even if Plaintiff could raise a serious question on the merits, which it cannot, it still fails to demonstrate irreparable harm.

Plaintiff's alleged injury is economic in nature and fully compensable through monetary remedies, including statutory damages and any provable actual damages under the Copyright Act. Such harms do not constitute irreparable injury where, as here, they can be addressed through an award of money damages.

Moreover, Plaintiff has not shown any ongoing or imminent harm. The accused products have already been taken down following entry of the TRO, and Plaintiff does not identify any continuing infringing conduct. Instead, Plaintiff's request for relief focuses primarily on preserving assets rather than preventing future infringement. Where the allegedly infringing activity has ceased and no imminent harm is shown, irreparable injury cannot be presumed or inferred.

Because Plaintiff has an adequate remedy at law and cannot show likely, imminent, and irreparable harm, injunctive relief is unwarranted.

**C. The Balance of Harms Weighs Strongly Against the Requested Injunction**

The balance of hardships favors Defendant. Plaintiff seeks to freeze the entirety of Defendants' funds even though Defendants derived only part (about 30%) of revenue from the accused products. As explained above, any equitable accounting would be negligible or zero.

By contrast, the requested asset restraint has already barred Defendants from accessing ordinary business revenues, including funds (about 70%) with no nexus to the alleged infringement (Deng Decl. ¶¶9-11). Such a sweeping restraint threatens Defendant's ability to operate their businesses and imposes severe and immediate hardship. Especially, the Defendant also sells other products on Amazon that are not alleged to be infringing products; however, the revenue generated from these non-alleged infringing items is also automatically frozen by Amazon as a result of TRO issued by this court, depriving the Defendant of its legitimate revenue and causing severe hardships to the defendant. Well-settled precedent limits prejudgment asset restraints to amounts reasonably necessary to secure a genuine claim for equitable monetary relief. Plaintiff has not made the required showing to justify a blanket freeze untethered to any demonstrated profits attributable to the accused products. The balance of harms therefore weighs decisively against the injunction Plaintiff seeks.

### D. The Public Interest Does Not Support the Extraordinary Relief Plaintiff Seeks

Finally, the public interest does not favor entry of a preliminary injunction or continuation of an overbroad asset restraint.

While the public has an interest in enforcing valid intellectual property rights, it also has a strong interest in fair competition, lawful commerce, and the careful use of extraordinary remedies. The public interest is not served by restraining non-infringing activity or freezing assets unrelated to the alleged misconduct, particularly where Plaintiff's protectable rights are weak and seriously disputed.

The Court's recent minute order reflects the need for adequate notice and defendant specific evidence by directing Plaintiff to provide each Defendant with the screenshots relevant to that Defendant and to publish clear notice of the response deadline. Maintaining a sweeping restraint

without a strong merits showing and proof of irreparable harm would undermine, rather than advance, the public interest.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Entry of a Preliminary Injunction, including any request for an asset restraint. Defendant affirms that it will not sell or otherwise offer any products that Plaintiff alleges are infringing during the pendency of this litigation. Accordingly, there is no threat of ongoing or imminent harm justifying injunctive relief, and the requested extraordinary relief should be denied.

Dated: December 23, 2025

Respectfully Submitted,

By: /s/
Mingbo YE TX Bar # 24124835
MY IP & TRUST LAW
12603 Southwest Fwy Suite 210,
Stafford TX 77477
Email: mye@myiptrustlaw.com
Tel: +1 (832)-462-0087

*Attorney for Defendant*

## CERTIFICATE OF CONFERENCE

Undersigned counsel certifies that counsel for Defendant CISNOCR conferred with counsel for Plaintiff regarding the relief requested in this Motion. The conference occurred on December 22, 2025, via videoconference. Plaintiff's counsel indicated that Plaintiff opposes the relief requested.

Dated: December 23, 2025                                  By: */s/ Mingbo Ye*
                                                                          Mingbo Ye

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: December 23, 2025                                  By: */s/ Mingbo Ye*
                                                                          Mingbo Ye